UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CODY EDWARD MCDAVID, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24-CV-00122-JRG-CRW ) |
| KINGSPORT CITY POLICE DEPARTMENT, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate in the Sullivan County Detention Center, filed a pro se complaint for violation of § 1983 alleging that police used excessive force and placed him in a car with no air conditioning while he was hyperventilating during his arrest [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] before screening the complaint [Doc. 1].

**I.      MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As it appears from his motion for leave to proceed *in forma pauperis* [Doc. 4] that Plaintiff cannot pay the filing fee in one lump sum, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and(B).  Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty

percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure compliance with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee.

## II.     COMPLAINT SCREENING

### A.     Standard

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

B. **Allegations**

Plaintiff states that when police arrested him, they "used excessive force," broke his back, and had him sit in a car with no air conditioning while he was hyperventilating [Doc. 1 at 3–4]. Plaintiff has sued the Kingsport Police Department [*Id.* at 1, 3]. Also, in the portion of his complaint designated for "Additional Defendants," Plaintiff states that he does not know the names of the individual officers involved, but that those names would be listed in his ongoing case documents [*Id.* at 3]. As relief, Plaintiff requests "to sue for breaking [his] back and/or get the officers fired for not being able to d[o] their job[]s correct[ly]" [*Id.* at 5].

C. **Analysis**

For the reasons set forth below, the complaint fails to state a claim upon which relief may be granted under § 1983.

1. **Unknown Defendants**

As set forth above, in the portion of his complaint designated for "Additional Defendants," Plaintiff states that he does not know the names of the individual officers involved in the claim(s) set forth in his complaint, but that those names would be in his case documents [*Id.* at 3]. However, these statements fail to commence a civil action against these individuals. *See Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictious party such as an unknown John Doe." (citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968))). Instead, "until an amendment adding additional defendants has been permitted by the court," allegations against

unknown defendants "are merely 'surplusage[.]'" *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)). Moreover, Plaintiff's allegation that these unknown officers used excessive force against him is wholly conclusory and therefore fails to state a claim upon which relief may be granted under § 1983. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Also, while Plaintiff makes a conclusory allegation that he was placed in a car without air conditioning while he was hyperventilating, this allegation, without more, does not allow the Court to plausibly infer that officers violated his Fourth Amendment rights. U.S. Const. amend. IV (securing the right to be free from unreasonable search and seizure); *compare Price v. Cnty. of Maury, Tenn.*, No. 1:11-00077, 2012 WL 1609635, at *9 (M.D. Tenn. May 8, 2012) (finding that an arrestee who alleged that he was placed in a car failed to adequately allege a Fourth Amendment claim where, among other things, he "ma[de] no allegation as to how long he was in the car or as to how hot it was") *with Burchett v. Kiefer*, 310 F.3d 937, 945 (6th Cir. 2002) (providing "that unnecessary detention in extreme temperatures, like those that could be reached in an unventilated car in ninety-degree heat, violates the Fourth Amendment's prohibitions on unreasonable searches and seizures").

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 as to the unknown Defendants.

### 2. Kingsport Police Department

As set forth above, Plaintiff has also sued the Kingsport Police Department [*Id.* at 1, 3]. However, this is not an entity subject to suit under § 1983. *Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person'

subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))). And while the City of Kingsport, which runs the Kingsport Police Department, is an entity subject to suit under § 1983, Plaintiff does not plausibly allege that the incident in his complaint resulted from a custom or policy of the City of Kingsport, such that the Court could liberally construe the complaint to state a claim against this entity. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). As such, Plaintiff's complaint also fails state a claim upon which relief may be granted under § 1983 as to the Kingsport Police Department.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

So ordered.

ENTER:

                                              s/J. RONNIE GREER
                                       UNITED STATES DISTRICT JUDGE